IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

_____

STEVEN C. McKNIGHT,

                              Plaintiff,                Civil Action No.
                                                  9:16-CV-0957 (TJM/DEP)

     v.

J. FERRICK, *et al.*,

                              Defendants.

_____

APPEARANCES:                              OF COUNSEL:

FOR PLAINTIFF:

STEVEN C. McKNIGHT, *Pro Se*
13-B-0171
Gouverneur Correctional Facility
Scotch Settlement Road
P.O. Box 480
Gouverneur, NY 13642

FOR DEFENDANTS:

HON. ERIC T. SCHNEIDERMAN          MATTHEW P. REED, ESQ.
New York State Attorney General       Assistant Attorney General
The Capitol
Albany, NY 12224

DAVID E. PEEBLES
CHIEF U.S. MAGISTRATE JUDGE

<u>REPORT AND RECOMMENDATION</u>

*Pro se* plaintiff Steven C. McKnight, a former New York State prison inmate whose whereabouts are currently unknown to the court, has commenced this civil rights action pursuant to 42 U.S.C. § 1983 claiming deprivation of his rights under the Eighth Amendment. In his complaint, as amended, plaintiff alleges that the named defendants, all of whom were employed in some capacity at the prison facility in which plaintiff was confined at the relevant times, unlawfully subjected him to the use of excessive force.

Presently pending before the court is defendants' motion to dismiss plaintiff's complaint for failure to prosecute, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure in light of McKnight's failure to comply with the court's mandatory scheduling order and file a notice of change of address. For the reasons set forth below, I recommend that defendants' motion be granted.

I.    <u>BACKGROUND</u>

A.    <u>Facts Related to Plaintiff's Underlying Claims</u>

Plaintiff commenced this action on August 1, 2016, while he was an inmate in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"). *See generally* Dkt. No. 1. At the

times relevant to his claims in this action, plaintiff was confined in the

Gouverneur Correctional Facility ("Gouverneur") located in Gouverneur,

New York. *Id.* Plaintiff alleges that while at Gouverneur, defendants J.

Ferrick, C. Cunningham, Denney, and B. Coffey, all of whom worked as

corrections employees at Gouverneur at the time, subjected him to

excessive force in violation of his rights under the Eighth Amendment. Dkt.

No. 27 at 6-9. Specifically, plaintiff alleges that on June 15, 2016, a use-of-

force incident occurred, during which defendant Cunningham held

McKnight in place on the ground while defendants Ferrick, Coffey, and

Denney kicked, punched, and stomped on him. *Id.* Plaintiff alleges that he

was handcuffed and left defenseless on the floor during the incident. *Id.*

    B.    <u>Facts Relevant to Defendants' Pending Motion</u>

    According to defendants' counsel, neither the Office of the New York

State Attorney General nor the court has been able to contact or locate the

plaintiff since January 31, 2017. Dkt. No. 37-1 at 2. On that date,

defendants' attorney sent plaintiff a copy of a letter to the court requesting

an extension of time for defendants to answer plaintiff's complaint. Dkt.

No. 29. The copy of that letter that was sent to plaintiff was returned to

defendants' counsel with the notation, "NOT AT THIS FACILITY." Dkt. No.

37-1 at 5.

Using the address provided by plaintiff in his complaint, defendants attempted to serve their initial disclosures upon plaintiff on February 3, 2017, pursuant to the court's pretrial scheduling order. Dkt. No. 37-1 at 2; Dkt. No. 37-1 at 10. That mailing was similarly returned with a notation indicating that plaintiff was no longer at Gouverneur and had been released on parole on January 25, 2017.[1] Dkt. No. 37-1 at 2; Dkt. No. 37-1 at 9.

Defendants' attorney made a third failed attempt to communicate with plaintiff by mail, sending him a notice of appearance and defendants' answer to plaintiff's second amended complaint ("SAC") on February 27, 2017. Dkt. No. 37-1 at 2; *see* Dkt. No. 37-1 at 13. Those documents were similarly returned to defendants as undeliverable, again with the notation, "NOT AT THIS FACILITY." Dkt. No. 37-1 at 2; Dkt. No. 37-1 at 12.

Like defendants' counsel, the court has also experienced difficulty in communicating with plaintiff. On January 31, 2017, the court sent plaintiff a text order using his Gouverneur address. Dkt. No. 30. That communication was also returned as undeliverable. Dkt. No. 32.

---

[1]    A review of the DOCCS' inmate locator website, a publicly available resource, confirms that plaintiff was released by the DOCCS on January 25, 2017. New York State DOCCS, http://nysdoccslookup.doccs.ny.gov/GCA00P00/WIQ1/WINQ000 (last visited June 29, 2017).

4

## II.    PROCEDURAL HISTORY

Plaintiff commenced this action on August 1, 2016, by the filing of a complaint and accompanying application for leave to proceed *in forma pauperis* ("IFP"). Dkt. Nos. 1, 2. Although plaintiff's initial IFP motion was denied as incomplete, his renewed request was granted by Senior District Judge Thomas A. McAvoy on August 19, 2016. Dkt. Nos. 4, 7. Plaintiff's SAC, the currently operative pleading in this action, names Corrections Officer Ferrick, Corrections Officer Cunningham, Lieutenant Denney, and Sergeant Coffey as defendants. Dkt. No. 27 at 2-3. Liberally construed, plaintiff's SAC asserts an Eighth Amendment cause of action against defendants as a result of the use-of-force incident that occurred on June 15, 2016. *Id.* at 6-9. As relief, plaintiff seeks an award of money damages. *Id.* at 6-10.

On April 26, 2017, defendants filed the currently pending motion to dismiss for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure based on plaintiff's failure to notify the court and defendants' counsel of his new address and actively pursue his claims in the action. Dkt. No. 37. Defendants' motion, which is now fully briefed, has been referred to me for the issuance of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Northern District of New York

Local Rule 72.3(c). *See* Fed. R. Civ. P. 72(b).

III.   DISCUSSION

Rule 41(b) of the Federal Rules of Civil Procedure permits a court, in its discretion, to order dismissal of an action based on a plaintiff's failure to prosecute or comply with an order of the court. Fed. R. Civ. P. 41(b); *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014); *Rodriguez v. Goord*, No. 04-CV-0358, 2007 WL 4246443, at *2 (N.D.N.Y. Nov. 27, 2007) (Scullin, J. *adopting report and recommendation by* Lowe, M.J.).[2] That discretion is appropriately exercised when necessary to "achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962). In light of the severity of the dismissal remedy authorized under Rule 41(b), however, it should be invoked in only the most extreme of circumstances, and with great caution. *Baptiste*, 768 F.3d 212, 219 (reiterating that dismissals pursuant to 41(b) "are 'the harshest of sanctions'" (quoting *Mitchell v. Lyons Prof'l Servs., Inc.*, 708 F.3d 463, 467 (2d Cir. 2013)).

A determination of whether to dismiss an action pursuant to Rule 41(b) is informed by consideration of five specific factors, including (1) the

---

[2]   All unreported cases cited to in this report have been appended for the convenience of the *pro se* plaintiff.

duration of the plaintiff's failure to comply with court orders; (2) whether plaintiff was on notice that failure to comply would result in dismissal; (3) whether defendant is likely to be prejudiced by further delay in the proceedings; (4) a balancing of the court's interest in managing its docket with plaintiff's interest in receiving a fair opportunity to be heard; and (5) whether the judge has adequately considered a sanction less drastic than dismissal. *Baptiste*, 768 F.3d at 216; *see also Shannon v. Gen. Elec. Co.*, 186 F.3d 186, 193 (2d Cir. 1999) (applying factors in a failure to prosecute action); *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996) (applying factors where a party failed to comply with order of court). "No single factor is generally dispositive." *Nita v. Conn. Dep't of Envtl. Prot.*, 16 F.3d 482, 485 (2d Cir. 1994).

I have carefully evaluated the five controlling factors, and find that they weigh decidedly in favor of dismissal in this case. Plaintiff has failed to communicate with either the court or defendants since January 12, 2017, when he filed his SAC. Dkt. No. 27. The court's mandatory pretrial discovery and scheduling order, which was issued on December 6, 2016, directed that the parties exchange their respective initial disclosures within sixty days. Dkt. No. 22. According to defendants, to date plaintiff has failed to serve them with his initial disclosures or otherwise notify them that he

has no documents subject to the initial disclosures requirement. Dkt. No. 37-1 at 3.

The duration of plaintiff's failure to communicate, which by now is nearly six months, weighs in favor of dismissal pursuant to Rule 41(b). Local Rule 41.2(a) provides that when the "plaintiff has failed to prosecute an action or proceeding diligently, the assigned judge shall order it dismissed." N.D.N.Y. L.R. 41.2(a). Although the length of plaintiff's delay to date is not exceedingly long, there is no indication of an end to his inactivity.[3] *See Santana v. Warner*, No. 11-CV-0443, 2011 WL 7109214, at *2 (N.D.N.Y. Nov. 29, 2011) (Homer, M.J.) *report and recommendation adopted by* 2012 WL 253424 (N.D.N.Y. Jan. 26, 2012) (McAvoy, J.) (dismissing the plaintiff's complaint because, although the action had been pending for seven months, there was sufficient evidence indicating that plaintiff's inactivity was interminable). Based upon plaintiff's lack of notice as to his current address, both the court and defendants' counsel are without a means of communicating with plaintiff, leaving the action at a virtual standstill.

Addressing the second factor, I note that plaintiff was squarely

---

[3]     Under the court's local rules, "the plaintiff's failure to take action for four (4) months shall be presumptive evidence of lack of prosecution." N.D.N.Y. L.R. 41.2(a).

placed on notice that his failure to update the court and defendants with any change in address could result in dismissal of his complaint. On October 13, 2016, in his decision accepting plaintiff's SAC for filing, Judge McAvoy informed plaintiff that he is "required to promptly notify the Clerk's Office and all parties or their counsel, in writing, of any change in his address" and that "his failure to do so will result in the dismissal of this action." Dkt. No. 11 at 4. That order was sent by the court to plaintiff at Gouverneur, using the address he provided to the court when the action was filed. Dkt. No. 11 at 1. There is no indication that plaintiff did not receive that order, and the language used in it is not overly technical, but rather ordinary. *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 210 (2d Cir. 2001).

In addition, notice of the obligation to notify the court and counsel of any change of address is provided under Rule 10.1(c)(2) of the local rules of practice for this court. *See* N.D.N.Y. L.R. 10.1(c)(2) ("[A]ll . . . *pro se* litigants must immediately notify the Court of any change of address."). Courts in this circuit have routinely concluded that, while *pro se* litigants are due some amount of deference, they are not relieved of their obligation to observe the court's local rules. *See, e.g., Jackson v. Rabideau*, No. 04-CV-1096, 2007 WL 911846, at *2 (N.D.N.Y. Mar. 22,

9

2007) (Kahn, J.) (recognizing that *pro se* litigants "should be granted special lenience with regards to [their] compliance with procedural rules," but concluding dismissal was warranted because the plaintiff's failure to update his address "frustrated th[e] Court's ability to contact him").

Turning to the question of the effect of plaintiff's failure, I conclude that the defendants are likely to be prejudiced by further delay. "[P]rejudice to defendants resulting from unreasonable delay may be presumed." *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982). This case has been pending for nearly a year, and it is likely that memories of the events in question have faded, relevant documents have been discarded, and potential witnesses have become unavailable. *See, e.g., Georgiadis v. First Boston Corp.*, 167 F.R.D. 24, 25 (S.D.N.Y. 1996). There is no apparent end to plaintiff's lack of participation in this action. Subjecting defendants to continuous delay is prejudicial to the discovery process, as well as their ability to defend themselves. Accordingly, the third factor, like the first and second, weigh in favor of dismissal under Rule 41(b).

The fourth factor, which examines the court's interest in managing its docket, also militates in favor of granting the defendants' motion. The court must balance its interest in alleviating a busy docket with a plaintiff's right to due process. *LeSane*, 239 F.3d at 209. Plaintiff's lack of participation, to

which there is no apparent end in sight, tips the balancing scale in favor of alleviating the court's docket. *See Santana*, 2011 WL 7109214, at *2 (finding that the court's interest in alleviating court congestion outweighed the plaintiff's due process interest). Undeniably, the court has a strong interest in ensuring the timely "disposition of cases" to "avoid congestion in the calendars of District Courts." *Link*, 370 U.S. at 629-30. Plaintiff's inactivity is simply not conducive to furtherance of that interest.

Lastly, no lesser sanction is warranted or appropriate. Issuing an order reprimanding plaintiff for his conduct would be futile given the fact that his whereabouts are unknown, and he would therefore likely not receive the admonition.

In sum, after careful consideration of the five factors relevant to the failure to prosecution analysis, I find that plaintiff's chronicled history of inactivity warrants the ultimate sanction of dismissal. Accordingly, I recommend that the court grant defendants' motion to dismiss for failure to prosecute.

IV.   SUMMARY AND RECOMMENDATION

Based on the record, it appears that plaintiff has not communicated with the court or defendants' counsel in nearly six months. His failure to notify the court or defendants' counsel of his current address, coupled with

his failure to participate in the action, violate the rules of practice of this court and demonstrate plaintiff's manifest disinterest in prosecuting the action. Accordingly, it is respectfully

RECOMMENDED that defendants' motion to dismiss (Dkt. No. 37) be GRANTED, and plaintiff's complaint be DISMISSED in its entirety.

NOTICE: Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections must be filed with the clerk of the court within FOURTEEN days of service of this report. FAILURE TO SO OBJECT TO THIS REPORT WILL PRECLUDE APPELLATE REVIEW. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993).

It is hereby ORDERED that the clerk of the court serve a copy of this report and recommendation upon the parties in accordance with this court's local rules.

Dated:   June 30, 2017
        Syracuse, NY

David E. Peebles
U.S. Magistrate Judge

2007 WL 911846
Only the Westlaw citation is currently available.
United States District Court,
N.D. New York.

Theodore JACKSON, Petitioner,

v.

Michael RABIDEAU, Respondent.

No. 9:04-CV-1096 (LEK/GHL).
|
March 22, 2007.

**Attorneys and Law Firms**

Theodore Jackson, Sonyea, NY, pro se.

Patrick F. MacRae, New York State Attorney General, Syracuse, NY, for Respondent.

### DECISION AND ORDER

LAWRENCE E. KAHN, U.S. District Judge.

## I. Background

 **\*1** Petitioner Theodore Jackson ("Petitioner") filed his *pro se* Petition for habeas corpus in this matter, pursuant to, *inter alia*, 28 U.S.C. § 2254, on September 21, 2004. *See* Petition (Dkt. No. 1). After receiving an extension, Respondent filed a Response on May 12, 2005. *See* Response (Dkt. No. 14). Thereafter, Petitioner filed a Traverse on June 13, 2005. *See* Traverse (Dkt. No. 15). In this Court's Order directing Defendant to respond to Petitioner's amended Petition, the Court warned: "*Petitioner is also required to promptly notify the Clerk's Office and counsel for the respondent of any change in his address; his failure to do so will result in the dismissal of this action.*" October 2004 Order (Dkt. No. 5) at 2 (emphasis in original).

Petitioner's last known address was at the Groveland Correctional Facility. That is the address currently listed on the Docket sheet for this case. However, on February 15, 2007, a Court Notice was filed informing the parties of the availability of the option to consent to the jurisdiction of the assigned United States Magistrate Judge for all further proceedings. *See* Court Notice (Dkt. No. 16). The copy of the Notice that was mailed to Petitioner,

however, was returned as undeliverable, with a notation on the envelope that Petitioner had moved and not left a forwarding address. *See* Dkt. No. 19.

In addition, upon a search of the Inmate Information Database maintained by the New York State Department of Correctional Services-using Plaintiff's Department ID Number 97-B-2097-the Court has determined that Plaintiff was discharged on December 1, 2006. *See* N.Y.S. DOCS Inmate Population Information Search website *at* http://nysdocslookup.docs.state.ny.us/kinqw00 (last visited Mar. 13, 2007).

## II. Discussion

Both attorneys and *pro se* litigants are required to immediately notify the Court and their adversaries of any change in their address or contact information. *See* N.D.N.Y.L.R. 10.1(b)(2). "Failure to notify the Court of a change of address in accordance with L.R. 10.1(b) may result in the dismissal of any pending action." N.D.N.Y.L.R. 41.2(b). United States Courts are vested with broad discretion to impose sanctions for non-compliance with court orders, and those sanctions can include the severe sanction of dismissing a case. *See Internet Law Library, Inc. v. Southridge Capital Mgmt., LLC,* No. 01 Civ. 6600(RLC), 2005 WL 3370542, at \*1 (S.D.N.Y. Dec. 12, 2005) ("Moreover, the court has the inherent authority to dismiss a case when a party disobeys any of its orders.") (citing *Chambers v. Nasco, Inc.,* 501 U.S. 32, 45 (1991)). *Southridge* addressed discovery orders, but there is also no difference for non-compliance with any other court order. *See Dumpson v. Goord,* No. 00-CV-6039 CJS, 2004 WL 1638183 (W.D.N .Y. Jul. 22, 2004) (Court ordered one of the plaintiffs to provide address where he could be reached; plaintiff failed to comply; plaintiff was dismissed from the case). Pursuant to Rule 41(b) of the *Federal Rules of Civil Procedure* a court may sua sponte dismiss a plaintiff's action for "failure ... to comply with these rules or any order of court". FED.R.CIV.P. 41(b); *see also Dumpson,* 2004 WL 1638183, at \*2 ("a court may *sua sponte* dismiss a plaintiff's action for failure to comply with an order of the court ... Such decisions are committed to the Court's sound discretion.... *Pro se* plaintiffs are entitled to a degree of leniency, but this should not extend to the disregard of a judge's plain directives.") (citing, *inter alia, Costello v. United States,* 365 U.S. 265, 286-87 (1961); *Lucas v. Miles,* 84 F.3d 532, 538 (2d Cir.1996)).

**\*2** Petitioner has failed to update his address as he is required to by Northern District Local Rule 10.1(b)(2). Moreover, Petitioner has failed to update his address as required by this Court's Order. Petitioner is proceeding *pro se* and should be granted special lenience with regards to his compliance with procedural rules. *See LeSane v. Hall's Sec. Analyst, Inc.,* 239 F.3d 206, 209 (2d Cir.2001). However, his failure to update his address is no small matter. As then-District Judge Pooler stated:

> It is neither feasible nor legally required that the clerks of the district courts undertake independently to maintain current addresses on all parties to pending actions. It is incumbent upon litigants to inform the clerk of address changes, for it is manifest that communications between the clerk and the parties or their counsel will be conducted principally by mail. In addition to keeping the clerk informed of any change of address, parties are obliged to make timely status inquiries. Address changes normally would be reflected by those inquiries if made in writing.

*Dansby v. Albany County Corr. Facility Staff,* No. 95-CV-1525, 1996 WL 172699, at \* 1 (N.D.N.Y. Apr. 10, 1996) (Pooler, D.J.) (quoting *Perkins v. King,* No. 84-3310, slip op. at 4 (5th Cir. May 19, 1985) (other citations omitted)); *see, generally,* N.D.N.Y. L.R. 41.2(b).

The Second Circuit in *LeSane* held that:

> "this court has repeatedly detailed factors ... to be considered before dismissal for failure to comply with a court order, and these factors significantly cabin a district court's discretion under Rule 41(b), so that deference is due to the district court's decision to dismiss a *pro se* litigant's complaint only when the circumstances are sufficiently extreme.... Specifically, a district court contemplating dismissing a plaintiff's case, under Rule 41(b), for failure to prosecute must consider:

> [1] the duration of the plaintiff's failures, [2] whether plaintiff had received notice that further delays would result in dismissal, [3] whether the defendant is likely to be prejudiced by further delay, [4] whether the district judge has take[n] care to strik[e] the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard ... and [5] whether the judge has adequately assessed the efficacy of lesser sanctions.

*LeSane,* 239 F.3d at 209 (internal quotations omitted).

This Court has evaluated the factors as set forth by the Second Circuit. Petitioner has known for years that he must promptly update his address whenever it changes, or risk having the action dismissed by this Court. There have been no filings in this matter since June, 2005 and Petitioner was discharged from Groveland Correctional Facility several months ago and has yet to update his address. By failing to update his address, Petitioner has failed to comply with this Court's Order and Local Rule 10.1(b)(2) and has frustrated this Court's ability to contact him. The Court finds that it would be futile to make any further attempts to contact Petitioner. *See, generally, Bottom v. Cooper,* No. 03-CV-6493L, 2005 WL 2496052 (W.D .N.Y. Oct. 7, 2005).

**\*3** Given the law and factors discussed above, Petitioner's failures in this matter warrant the imposition of the sanction of dismissal. [1]

### III. Conclusion
Based on the foregoing discussion, it is hereby

**ORDERED,** that Petitioner's Petition for habeas corpus (Dkt. No. 1) is **DISMISSED** due to Petitioner's failure to update his address as required by this District's Local Rules and a prior Order of this Court. The Clerk of the Court shall **CLOSE Case Number 9:04-CV-1096 (LEK/ GHL);** and it is further

**ORDERED,** that the Clerk serve a copy of this Order on all parties.

**IT IS SO ORDERED.**

**All Citations**

Not Reported in F.Supp.2d, 2007 WL 911846

Footnotes

1    According to the Inmate Information Database maintained by the New York State Department of Correctional Services ("DOCS"), Petitioner was released on his maximum expiration date. *See* N.Y .S. DOCS Inmate Population Information Search website *at* http:// nysdocslookup.docs.state.ny.us/kinqw00 (last visited Mar. 13, 2007). The DOCS website explains that "[u]pon reaching the maximum expiration date, the individual's legal obligation to serve a custodial sentence or period of parole supervision ends." N.Y.S. DOCS website *at* http://w ww.docs.state.ny.us/univinq/fpmsdoc.htm# ME (last visited Mar. 13, 2007). As a result, Petitioner is no longer under any type of state custody or supervision. A habeas petition challenging a criminal conviction may be rendered moot by a release from imprisonment. *See Perez v. Greiner,* 296 F.3d 123, 125 (2d Cir.2002). However, the Petition before the Court is only moot " 'if it is shown that there is no possibility that any collateral consequences will be imposed on the basis of the challenged conviction.' " *Id* . (quoting *Sibron v. New York,* 392 U.S. 40, 57 (1968)). Without further briefing, the Court cannot determine if Petitioner is still subject to any collateral consequences arising from his conviction. Therefore, the Court cannot, and need not, determine whether the Petition is moot and, as discussed above, dismisses the Petition on other grounds.

**End of Document**

© 2017 Thomson Reuters. No claim to original U.S. Government Works.

2007 WL 4246443
Only the Westlaw citation is currently available.
United States District Court,
N.D. New York.

Jose RODRIGUEZ, Plaintiff,
v.
Glen S. GOORD, et al, Defendants.

No. 9:04-CV-0358 (FJS/GHL).
|
Nov. 27, 2007.

**Attorneys and Law Firms**

Jose Rodriguez, Willard, NY, pro se.

Andrew M. Cuomo, Attorney General of the State of
New York, David L. Cochran, Esq., Assistant Attorney
General, of Counsel, Albany, NY, for Defendants.

## DECISION AND ORDER

FREDERICK J. SCULLIN, Senior District Judge.

 **\*1** The above-captioned matter having been presented to
me by the Report-Recommendation of Magistrate Judge
George H. Lowe filed November 6, 2007, and the Court
having reviewed the Report-Recommendation and the
entire file in this matter, and no objections to said Report-
Recommendation having been filed, the Court hereby

**ORDERS,** that Magistrate Judge Lowe's November 6,
2007 Report-Recommendation is **ACCEPTED** in its
entirety for the reasons stated therein; and the Court
further

**ORDERS,** that Defendants' motion, pursuant to Local
Rule 41.2(b), to dismiss for Plaintiff's failure to provide
notice to the Court of a change of address, is **GRANTED;**
and the Court further

**ORDERS,** that the Clerk of the Court enter judgment in
favor of the Defendants and close this case.

**IT IS SO ORDERED.**

## REPORT-RECOMMENDATION

GEORGE H. LOWE, United States Magistrate Judge.

This *pro se* prisoner civil rights action, filed pursuant to
42 U.S.C. § 1983, has been referred to me for Report and
Recommendation by the Honorable Frederick J. Scullin,
Jr., Senior United States District Judge, pursuant to 28
U.S.C. § 636(b) and Local Rule 72.3(c) of the Local Rules
of Practice for this Court. Generally, Jose Rodriguez
("Plaintiff") alleges that, while he was an inmate at Oneida
Correctional Facility in 2003 and 2004, ten employees of
the New York State Department of Correctional Services
("Defendants") were deliberately indifferent to his serious
medical needs, and subjected him to cruel and unusual
prison conditions, in violation of the Eighth Amendment.
(Dkt. No. 27 [Plf .'s Am. Compl.].) Currently pending
is Defendants' motion to dismiss for failure to provide
notice to the Court of a change of address, pursuant to
Local Rule 41.2(b) of the Local Rules of Practice for
this Court. (Dkt. No. 86.) Plaintiff has not opposed the
motion, despite having been given more than six weeks in
which to do so. Under the circumstances, I recommend
that (1) Defendants' motion to dismiss be granted, and (2)
in the alternative, the Court exercise its inherent authority
to *sua sponte* dismiss Plaintiff's Amended Complaint for
failure to prosecute and/or failure to comply with an Order
of the Court.

## I. DEFENDANTS' MOTION TO DISMISS

Under the Local Rules of Practice for this Court, Plaintiff
has effectively "consented" to the granting of Defendants'
motion to dismiss, since (1) he failed to oppose the
motion, (2) the motion was properly filed, and (3)
Defendants have, through the motion, met their burden
of demonstrating entitlement to the relief requested in the
motion. L.R. 7.1(b)(3).

In particular, with regard to this last factor (i.e., that
Defendants have met their burden of demonstrating
entitlement to the relief requested), Defendants argue that
their motion to dismiss should be granted because (1)
Local Rule 41.2(b) provides that "[f]ailure to notify the
Court of a change of address in accordance with [Local
Rule] 10.1(b) may result in the dismissal of any pending
action," (2) on April 15, 2004, Plaintiff was specifically
advised of this rule when (through Dkt. No. 5, at 4)
the Court advised Plaintiff that "his failure to [promptly

Rodriguez v. Goord, Not Reported in F.Supp.2d (2007)
Case 9:16-cv-00957-TJM-DEP    Document 38    Filed 06/30/17    Page 17 of 23
2007 WL 4246443

notify the Clerk's Office and all parties or their counsel of any change in his address] will result in the dismissal of his action," (3) on May 22, 2007, Plaintiff was released from the Willard Drug Treatment Center, (4) since that time, Plaintiff has failed to provide notice to the Court (or Defendants) of his new address, as required by Local Rule 10.1(b)(2), and (5) as a result of this failure, Defendants have been prejudiced in that they have been unable to contact Plaintiff in connection with this litigation (e.g., in order to depose him, as authorized by the Court on May 4, 2007). (Dkt. No. 86, Part 4, at 1-2 [Defs.' Mem. of Law].)

**\*2** Authority exists suggesting that an inquiry into the third factor (i.e., whether a movant has met its "burden to demonstrate entitlement" to dismissal under Local Rule 7.1[b][3] ) is a more limited endeavor than a review of a contested motion to dismiss. [1] Specifically, under such an analysis, the movant's burden of persuasion is lightened such that, in order to succeed, his motion need only be "facially meritorious." [2] Given that Defendants accurately cite the law and facts in their memorandum of law, I find that they have met their lightened burden on their unopposed motion. Moreover, I am confident that I would reach the same conclusion even if their motion were contested.

For these reasons, I recommend that the Court grant Defendants' motion to dismiss.

## II. *SUA SPONTE* DISMISSAL

Even if Defendants have not met their burden on their motion to dismiss, the Court possesses the inherent authority to dismiss Plaintiff's Amended Complaint *sua sponte* under the circumstances. Rule 41 of the Federal Rules of Civil Procedure permits a defendant to move to dismiss a proceeding for (1) failure to prosecute the action and/or (2) failure to comply with the Federal Rules of Civil Procedure or an Order of the Court. Fed.R.Civ.P. 41(b). [3] However, it has long been recognized that, despite Rule 41 (which speaks only of a *motion* to dismiss on the referenced grounds, and not a *sua sponte* order of dismissal on those grounds), courts retain the "inherent power" to *sua sponte* "clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." Link v. Wabash R.R. Co., 370 U.S. 626, 630, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962); *see also Saylor v. Bastedo,* 623 F.2d 230, 238 (2d Cir.1980); *Theilmann v. Rutland Hospital, Inc.,* 455

F.2d 853, 855 (2d Cir.1972). Indeed, Local Rule 41.2(a) not only recognizes this authority but *requires* that it be exercised in appropriate circumstances. *See* N.D.N.Y. L.R. 41.2(a) ("Whenever it appears that the plaintiff has failed to prosecute an action or proceeding diligently, the assigned judge *shall* order it dismissed.") [emphasis added].

### A. Failure to Prosecute

With regard to the first ground for dismissal (a failure to prosecute the action), it is within the trial judge's sound discretion to dismiss for want of prosecution. [4] The Second Circuit has identified five factors that it considers when reviewing a district court's order to dismiss an action for failure to prosecute:

> [1] the duration of the plaintiff's failures, [2] whether plaintiff had received notice that further delays would result in dismissal, [3] whether the defendant is likely to be prejudiced by further delay, [4] whether the district judge has taken care to strike the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard and [5] whether the judge has adequately assessed the efficacy of lesser sanctions. [5]

**\*3** As a general rule, no single one of these five factors is dispositive. [6] However, I note that, with regard to the first factor, Rule 41.2 of the Local Rules of Practice for this Court provides that a "plaintiff's failure to take action for four (4) months shall be presumptive evidence of lack of prosecution." N.D.N.Y. L.R. 41.2(a). In addition, I note that a party's failure to keep the Clerk's Office apprised of his or her current address may also constitute grounds for dismissal under Rule 41(b) of the Federal Rules of Civil Procedure. [7]

Here, I find that, under the circumstances, the above-described factors weigh in favor of dismissal. The duration of Plaintiff's failure is some six-and-a-half months, i.e., since April 22, 2007, the date of the last document that Plaintiff attempted to file with the Court (Dkt. No. 85). Plaintiff received adequate notice (e.g., through the Court's above-referenced Order of April 15, 2004, and Defendants' motion to dismiss) that his failure to litigate this action (e.g., through providing a current address) would result in dismissal. Defendants are likely to be prejudiced by further delays in this proceeding, since

they have been waiting to take Plaintiff's deposition since May 4, 2007. (Dkt. No. 84.) I find that the need to alleviate congestion on the Court's docket outweighs Plaintiff's right to receive a further chance to be heard in this action. [8] Finally, I have considered all less-drastic sanctions and rejected them, largely because they would be futile under the circumstances (e.g., an Order warning or chastising Plaintiff may very well not reach him, due to his failure to provide a current address).

### B. Failure to Comply with Order of Court

With regard to the second ground for dismissal (a failure to comply with an Order of the Court), the legal standard governing such a dismissal is very similar to the legal standard governing a dismissal for failure to prosecute. "Dismissal ... for failure to comply with an order of the court is a matter committed to the discretion of the district court." [9] The correctness of a dismissal for failure to comply with an order of the court is determined in light of five factors:

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal. [10]

Here, I find that, under the circumstances, the above-described factors weigh in favor of dismissal for the same reasons as described above in Part II.A. of this Report-Recommendation. I note that the Order that Plaintiff has violated is the Court's Order of April 15, 2004, wherein the Court ordered Plaintiff, *inter alia,* to keep the Clerk's Office apprised of his current address. (Dkt. No. 5, at 4.) Specifically, the Court advised plaintiff that *"[p]laintiff*

*is also required to promptly notify the Clerk's Office and all parties or their counsel of any change in plaintiff's address; his failure to do same will result in the dismissal of this action."* (*Id.*) I note also that, on numerous previous occasions in this action, Plaintiff violated this Order, resulting in delays in the action. (*See* Dkt. Nos. 47, 48, 49, 50, 54, 59, 72, 78, 79 & Dkt. Entry for 12/15/06 [indicating that mail from the Court to Plaintiff was returned as undeliverable].)

**\*4** As a result, I recommend that, should the Court decide to deny Defendants' motion to dismiss, the Court exercise its authority to dismiss Plaintiff's Amended Complaint *sua sponte* for failure to prosecute and/or failure to comply with an Order of the Court.

**ACCORDINGLY,** for the reasons stated above, it is

**RECOMMENDED** that Defendants' motion to dismiss (Dkt. No. 86) be *GRANTED%;* and it is further

**RECOMMENDED** that, in the alternative, the Court exercise its inherent authority to *SUA SPONTE DISMISS* Plaintiff's Amended Complaint for failure to prosecute and/or failure to comply with an Order of the Court.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten (10) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN (10) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette,* 984 F.2d 85, 89 (2d Cir.1993) (citing *Small v. Sec'y of Health and Human Servs.,* 892 F.2d 15 [2d Cir.1989] ); 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72, 6(a), 6(e)..

### All Citations

Not Reported in F.Supp.2d, 2007 WL 4246443

---

Footnotes

1    *See, e.g., Hernandez v. Nash,* 00-CV-1564, 2003 U.S. Dist. LEXIS 16258, at *7-8, 2003 WL 22143709 (N.D.N.Y. Sept. 10, 2003) (Sharpe, M.J.) (before an unopposed motion to dismiss may be granted under Local Rule 7.1[b][3], "the court must review the motion to determine whether it is *facially meritorious* ") [emphasis added; citations omitted]; *Race Safe Sys. v. Indy Racing League,* 251 F.Supp.2d 1106, 1109-10 (N.D.N.Y.2003) (Munson, J.) (reviewing whether record contradicted defendant's arguments, and whether record supported plaintiff's claims, in deciding unopposed motion to dismiss, under Local Rule 7.1[b][3] ); *see also Wilmer v. Torian,* 96-CV-1269, 1997 U.S. Dist. LEXIS 16345, at *2 (N.D.N.Y. Aug. 29, 1997) (Hurd, M .J.) (applying prior version of Rule 7.1 [b][3], but recommending dismissal because of plaintiff's failure to

respond to motion to dismiss *and* the reasons set forth in defendants' motion papers), *adopted by* 1997 U.S. Dist. LEXIS 16340, at *2 (N.D.N.Y. Oct. 14, 1997) (Pooler, J.); *accord, Carter v. Superintendent Montello,* 95-CV-0989, 1996 U.S. Dist. LEXIS 15072, at *3 (N.D.N.Y. Aug. 27, 1996) (Hurd, M.J.), *adopted by* 983 F.Supp. 595 (N.D.N.Y.1996) (Pooler, J.).

2    *See, e.g., Hernandez,* 2003 U.S. Dist. LEXIS 1625 at *8.

3    Fed.R.Civ.P. 41(b) (providing, in pertinent part, that "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant").

4    *See Merker v. Rice,* 649 F.2d 171, 173 (2d Cir.1981).

5    *See Shannon v. GE Co.,* 186 F.3d 186, 193 (2d Cir.1999) (affirming Rule 41[b] dismissal of plaintiff's claims by U.S. District Court for Northern District of New York based on plaintiff's failure to prosecute the action) [citation and internal quotation marks omitted].

6    *See Nita v. Conn. Dep't of Env. Protection,* 16 F.3d 482 (2d Cir.1994).

7    *See, e.g., Robinson v. Middaugh,* 95-CV-0836, 1997 U.S. Dist. LEXIS 13929, at *2-3, 1997 WL 567961 (N.D.N.Y. Sept. 11, 1997) (Pooler, J.) (dismissing action under Fed.R.Civ.P. 41[b] where plaintiff failed to inform the Clerk of his change of address despite having been previously ordered by Court to keep the Clerk advised of such a change); *see also* N.D.N.Y. L.R. 41.2(b) ("Failure to notify the Court of a change of address in accordance with [Local Rule] 10.1(b) may result in the dismissal of any pending action.").

8    It is cases like this one that delay the resolution of other cases, and that contribute to the Second Circuit's dubious distinction as having (among the twelve circuits, including the D.C. Circuit) the longest median time to disposition for prisoner civil rights cases, between 2000 and 2005 (9.8 months, as compared to a national average of 5.7 months). Simply stated, I am unable to afford Plaintiff with further special solicitude without impermissibly burdening the Court and unfairly tipping the scales of justice against Defendant.

9    *Alvarez v. Simmons Market Research Bureau, Inc.,* 839 F.2d 930, 932 (2d Cir.1988) [citations omitted].

10   *Lucas v. Miles,* 84 F.3d 532, 535 (2d Cir.1996) [citations omitted].

---

**End of Document**                                                    © 2017 Thomson Reuters. No claim to original U.S. Government Works.

2011 WL 7109214
Only the Westlaw citation is currently available.
United States District Court,
N.D. New York.

Adrian SANTANA, Plaintiff,
v.
M. WARNER, Registered Nurse, Bare
Hill Correctional Facility, Defendant.

No. 11–CV–443 (TJM/DRH).
|
Nov. 29, 2011.

**Attorneys and Law Firms**

Adrian Santana, Coxsackie, NY, pro se.

Hon. Eric T. Schneiderman, Attorney General for the
State of New York, Adele M. Taylor–Scott, Esq.,
Assistant Attorney General, of Counsel, Albany, NY, for
Defendant.

**REPORT–RECOMMENDATION AND ORDER** [1]

DAVID R. HOMER, United States Magistrate Judge.

 *1 Plaintiff pro se Adrian Santana ("Santana"), an
inmate formerly in the custody of the New York State
Department of Correctional and Community Supervision
("DOCCS"), brings this action pursuant to 42 U.S.C. §
1983 alleging that defendant M. Warner ("Warner"), a
nurse employed by DOCCS, violated his constitutional
rights under the Eighth Amendment. Compl. (Dkt. No.
1). Presently pending is Warner's motion for summary
judgment pursuant to Fed.R.Civ.P. 56. Dkt. No. 12.
Santana has failed to respond to the motion. For the
following reasons, it is recommended that Warner's
motion for summary judgment be granted.

**I. Background**

While incarcerated at Bare Hill Correctional Facility,
Santana injured his finger. Defs. Statement of Material
Facts (Dkt. No. 12–2) ¶ 2. Three days later, on April 19,
2010, Santana saw Warner for medical attention related
to his injury. Id. ¶ 3. Warner sent Santana back to his

cell and informed him she would recommend that he see a
physician about his finger. Compl. ¶ 8. On April 27, 2010,
Santana saw the physician, who recommended that he be
taken to an outside hospital for further treatment. Id. ¶ 9.

Santana did not submit any grievance or appeal
concerning the alleged denial or delay of medical
treatment to the Inmate Grievance Committee. [2]
Defs. Statement ¶ 4. Santana reached his maximum
expiration date and was released from prison on
August 22, 2011. Id. ¶ 5; see also NYS DOCCS
Inmate Information Website (visited Nov. 28, 2011), <ht
tp:// nysdocslookup.docs.state.ny.us/GCA00P00/WIQ1/
WINQ000>. Since September 7, 2011, multiple pieces of
correspondence have been returned as undeliverable to
Santana. Dkt. Nos 17–21. The Court has not had direct
contact with Santana since May of 2011 (Dkt.Nos.5–6)
or indirect contact with him since the payment of his
partial filing fee on August 24, 2011 (Dkt. Entry Dated
8/24/2011). Upon release from Bare Hill, Santana did
not leave a forwarding address. Defs. Statement ¶ 7.
Moreover, defendant was informed that Santana is not
subject to supervision and has no way to establish his
current address. Taylor–Scott Decl. (Dkt. No. 12–3) ¶¶ 7–
8.

**II. Failure to Prosecute**

Rule 41(b) of the Federal Rules of Civil Procedure
provides that a court may dismiss an action based upon
the failure of a plaintiff to prosecute, comply with an
order of the court, or notify the court of a change of
address. See Link v. Wabash R.R. Co., 370 U.S. 626,
629, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962); MTV Networks
v. Lane, 998 F.Supp. 390, 393 (S.D.N.Y.1998); see also
N.D.N.Y.L.R. 41.2(b). Additionally, Local Rule 10.1(c)
(2) provides that "[a]ll ... pro se litigants must immediately
notify the Court of any change of address ." "Notification
of a new address is essential for the orderly disposition of
cases as it is not feasible for the court to independently
maintain the current addresses of all parties to pending
actions" and, thus, failure to comply with these rules can
lead to dismissal. Bourdon v. Walker, 453 F.Supp.2d 594,
601 (N.D.N.Y.2006) (citations omitted).

 *2 Since a Rule 41(b) dismissal is a "harsh remedy," it
is "appropriate only in extreme circumstances." Lucas v.
Miles, 84 F.3d 532, 535 (2d Cir.1996). Furthermore, where

the plaintiff is *pro se,* "courts 'should be especially hesitant to dismiss for procedural deficiencies....' " *Spencer v. Doe,* 139 F.3d 107, 112 (2d Cir.1998) (quoting *Lucas,* 84 F.3d at 535); *see also Triestman v. Fed. Bureau of Prisons,* 470 F.3d 471, 477(2006). To determine whether dismissal for failure to prosecute is appropriate, courts should consider:

> 1) the duration of plaintiff's failures; 2) whether plaintiff had received notice that further delays would result in dismissal; 3) whether the defendant is likely to be prejudiced by further delay; 4) a balancing of the need to alleviate court calendar congestion with a party's right to due process; and 5) the efficacy of lesser sanctions.

*See Patterson v. Newspaper & Mail Deliverers' Union of N.Y. & Vicinity,* 884 F.Supp. 869, 872 (S.D.N.Y.1995); *Stoenescu v. Jablonski,* 162 F.R.D. 268, 270 (S.D.N.Y.1995).

Santana has failed to communicate with opposing counsel or the Court for the past seven months. Santana is no longer incarcerated, is not on supervision, and has failed to leave any indication of where he is currently residing. While the duration of Santana's failure is not currently egregious, it is substantial, and no end to the inaction appears in sight. *See* N.D.N.Y.L.R. 41.2(a) ("[T]he plaintiff's failure to take action for four (4) months shall be presumptive evidence of lack of prosecution."). Moreover, it is the obligation of a party, not the Court, to maintain a current address to permit the orderly progression of a case. *See Fenza v. Conklin,* 177 F.R.D. 126, 127 (N.D.N.Y.1998) (Pooler, J.). Santana has failed in both regards. Indeed, Santana's failure leaves Warner and the Court without any way to serve him with orders or pleadings in the case as is necessary for its orderly progression.

The prejudice to Warner from Santana's continued failures results from Warner's inability to obtain discovery from Santana or to serve a dispositive motion. The costs for the time and expense of an attorney to defend this action in such circumstances is necessarily borne by Warner.

The need to alleviate court calendar congestion is also a concern. While this case, which is not unduly complex,

has not been pending for an inordinate amount of time, there is still need for timely disposition of cases and the inability of Warner or the Court to contact Santana is not conducive to the timely completion of this case. *See* N.D.N.Y. Gen. Order 25 (directing the timely progression of civil actions); *see also* Civil Justice Reform Act of 1990, 28 U.S.C. § 471 et seq (mandating reduction in the delay and cost of civil cases). While this action had not been pending for an inordinate period of time, all evidence currently indicates that the delay will continue solely as the result of Santana's actions and inactions. Against this delay must be balanced Santana's right to due process. Santana's failure to maintain contact with opposing counsel or the Court has made impossible any recourse to permit Santana to respond to defendant's motion or otherwise proceed with the case. Thus, on balance and in these circumstances, the balance of these factors weighs strongly in favor of the need to alleviate court congestion.

**\*3** Consideration of these factors, therefore, compels the conclusion that dismissal of the action affords the only reasonable method of addressing Santana's repeated and ongoing failures to fulfill his obligations to notify the Court and counsel of his address and to continue to litigate the present case. In the absence of any reasonable method of contacting Santana in this case, no option except dismissal exists. Accordingly, Warner's motion should be granted on this ground. [3]

### III. Conclusion

For the reasons stated above, it is hereby **RECOMMENDED** that Warner's motion for summary judgment (Dkt. No. 12) be **GRANTED** and the complaint be **DISMISSED** in its entirety.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette,* 984 F.2d 85, 89 (2d Cir.1993); *Small v. Sec'y of HHS,* 892 F.2d 15 (2d Cir.1989); 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72, 6(a), 6(e).

**All Citations**

Not Reported in F.Supp.2d, 2011 WL 7109214

Footnotes

1    This matter was referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.3(c).

2    "The IGP [Inmate Grievance Program] is a three-step process that requires an inmate to: (1) file a grievance with the IGRC [Inmate Grievance Resolution Committee]; (2) appeal to the superintendent within four working days of receiving the IGRC's written response, and (3) appeal to the CORC [Central Office Review Committee] ...." *Abney v. McGinnis, 380 F.3d 663, 668 (2d Cir.2004)* (internal citations omitted).

3    Warner also moves for summary judgment on the ground that Santana failed to exhaust his administrative remedies. *See* Def. Mem. of Law (Dkt. No. 12–7) at 5–7. This ground relies on facts which may be disputed if Santana could be served with the motion. This, of course, has not occurred because Santana has left no method of contacting him. The facts regarding Santana's failure to prosecute and advise of the change of his address are beyond dispute, however. For this reason and given the disposition recommended herein, the alternative ground for Warner's motion need not be further addressed.

---

**End of Document**                                                 © 2017 Thomson Reuters. No claim to original U.S. Government Works.

2012 WL 253424
Only the Westlaw citation is currently available.
United States District Court,
N.D. New York.

Adrian SANTANA, Plaintiff,
v.
M. WARNER, Registered Nurse, Bare
Hill Correctional Facility, Defendants.

No. 9:11–CV–00443.
|
Jan. 26, 2012.

**Attorneys and Law Firms**

Adrian Santana, Coxsackie, NY, pro se.

Adele M. Taylor–Scott, Office of Attorney General,
Albany, NY, for Defendants.

**_DECISION and ORDER_**

THOMAS J. McAVOY, Senior District Judge.

**\*1** This matter brought pursuant to 42 U.S.C. § 1983
was referred to the Hon. David R. Homer, United
States Magistrate Judge, for a Report–Recommendation
pursuant 28 U.S.C. § 636(b) and Local Rules 72.3(c).

No objections to the November 11, 2011 Report–
Recommendation have been raised. After examining the
record, this Court has determined that the Report–
Recommendation is not subject to attack for plain error
or manifest injustice. Accordingly, the Court adopts the
Report–Recommendation for the reasons stated herein.

It is, therefore, ORDERED that:

Defendant's motion for summary judgement is
GRANTED and the Complaint is dismissed in its entirety.

IT IS SO ORDERED.

**All Citations**

Not Reported in F.Supp.2d, 2012 WL 253424

**WESTLAW**   © 2017 Thomson Reuters. No claim to original U.S. Government Works.       1